UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

STUART E. HERSH,

                Plaintiff / Judgment-Creditor,

      -against-

ISLAMIC REPUBLIC OF IRAN,

                Defendant / Judgment-Debtor

      -and-

WARWICK NEW YORK HOTEL

                Garnishee.

-----------------------------------------------------------------------X

Docket No: 12-mc-153

**NOTICE OF MOTION**

C O U N S E L :

      PLEASE TAKE NOTICE that upon the annexed memorandum of law dated September 11, 2012; the exhibits annexed thereto; and upon the pleadings and proceedings heretofore had herein, the plaintiff will move this Court, at the Courthouse located at 500 Pearl Street, Brooklyn, New York, at a date and time to be fixed by the court, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for an Order pursuant to CPLR § 5225(b) DIRECTING that:

        a)    Respondent Warwick turn over to the Plaintiff, through delivery to his undersigned counsel, the value of the moneys paid and/or to be paid by the Islamic Republic of Iran for hotel rooms at Respondent Warwick;

        b)    Respondent Warwick turn over to the Plaintiff, through delivery to his undersigned counsel, exclusive access to the hotel rooms designated for the Islamic Republic of Iran or its president Mahmoud Ahmadinejad and/or the hotel rooms designated for them;

        c)    Respondent Warwick exclude Ahmadinejad from its premises and provide to the Plaintiff, through delivery to his undersigned counsel, any refund due; and

        d)    GRANTING such other and further relief as is just and proper under the circumstances.

Dated:   Brooklyn, New York
           September 14, 2012

                                        Respectfully submitted,

                                        THE BERKMAN LAW OFFICE, LLC
                                        *Attorneys for the Plaintiff / Judgment-Creditor*

                                        by: _____
                                               Robert J. Tolchin

                                        111 Livingston Street, Suite 1928
                                        Brooklyn, New York 11201
                                        718-855-3627

TO:   Warwick New York Hotel
      65 West 54th Street
      New York, New York 10019

      Islamic Republic of Iran
      c/o Foreign Minister Manouchehr Mottaki
      Ministry of Foreign Affairs
      Khomeini Ave. United Nations St.
      Teheran
      Iran

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STUART E. HERSH,

        Plaintiff / Judgment-Creditor,

    -against-

ISLAMIC REPUBLIC OF IRAN,

        Defendant / Judgment-Debtor

    -and-

WARWICK NEW YORK HOTEL

        Garnishee.

------------------------------------------------------------------X

Docket No: 12-mc-153

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR TURNOVER

      The Plaintiff-Judgment Creditor ("Plaintiff") is a victim of terrorism at the hands of the Islamic Republic of Iran. The Plaintiff has sued Iran for his injuries and was victorious. The federal district court for the District of Columbia awarded him a judgment of $12,000,000 in compensatory damages against the Judgment Debtor. But the Judgment Debtor is evasive and, to date, very little or none of that judgment has

been collected. The Plaintiff now comes to this Court in order to execute his judgment against Iranian assets and satisfy a portion of his judgment.

A copy of the findings of fact and conclusions of law in favor of the Plaintiff's favor is annexed hereto as Exhibit A. A copy of the judgment entered in favor of the Plaintiff is annexed hereto as Exhibit B.

Plaintiff Stuart E. Hersh is an American citizen and was an American citizen at all times relevant in this litigation. He was severely injured in a September 4, 1997 bombing at the Ben Yehuda pedestrian mall in Jerusalem, Israel. That bombing was carried out by Hamas with the support and training of the Islamic Republic of Iran. The bomb was packed with nails, screws, pieces of glass, and chemical poisons in order to maximize pain, suffering, and death.

Judgment Debtor Islamic Republic of Iran ("Iran") was held liable for the September 4, 1997 terrorist attack that injured Plaintiff Hersh. Iran is a state sponsor of terrorism, so designated by the United States Department of State, and is a repeat player in deadly terrorist attacks against innocent Israeli civilians and tourists.

Respondent Warwick New York Hotel ("Warwick") is a luxury hotel located at 65 West 54th Street / New York, NY 10019, with the phone number 212-247-2700 and the website http://www.warwickhotelny.com/. Its principal place of business is in New York, New York. According to news reports, the Warwick will be hosting Iranian president Mahmoud Ahmadinejad in his coming visit to the United States, as described below, and has hosted Ahmadinejad on at least one of his previous visits to New York. Ahmadinejad supports terrorism and has indicated publicly many

times that he wants to see the State of Israel eradicated and its citizens murdered. He is currently spearheading Iran's nuclear energy program, which, if successful, will give the nuclear bomb to the Iranian terrorist state. Some of the United States hostages from the 1979 hostage crisis have stated that Ahmadinejad was one of the ringleaders of the hostage taking

Plaintiff Hersh received from the federal district court for the District of Columbia a $12,000,000 judgment against several defendants, jointly and severally, on September 10, 2003. The court found that Plaintiff Hersh suffered numerous severe shrapnel wounds, has attempted to commit suicide, has post traumatic stress disorder, suffers from nightmares and other psychological and/or social problems, lost 60% of his hearing, has a speech impediment, has difficulty walking, and has tinnitus, back pain, chronic ear infections, and burn scars.

Respondent Iran was one of the defendants held jointly and severally liable to Plaintiff Hersh and can be held solely responsible to cover the $12,000,000 debt owed to Plaintiff Hersh. That judgment remains unsatisfied and Iran still owes Plaintiff Hersh $12 million, plus interest.

On or about May 10, 2012, Plaintiff Hersh registered the judgment described above with this Court, pursuant to 28 U.S.C. § 1963. On or about May 11, 2012, Plaintiff Hersh filed with the Clerk of this Court the judgment described by the prior five paragraphs.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to Federal Rule of Civil Procedure Rule 69 and CPLR § 5225(b). Rule 69 provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." CPLR 5225(b) states:

> **Property not in the possession of judgment debtor**. Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. …Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. …

The property over which the Plaintiff seeks turnover is in New York or will soon be in New York.

Venue lies in this district because the property over which the Plaintiff seeks turnover is in this judicial district or will soon be in this judicial district. CPLR § 5221. Additionally, venue lies in this district because the Respondent's legal residence is in this district. 28 U.S.C. § 1391.

**STATEMENT OF FACTS**

Ahmadinejad is scheduled to address the General Assembly of the United Nations on or about September 26, 2012. As an official representative of a Member state to the United Nations, Ahmadinejad is entitled to enter this country without penalty while on official United Nations business. Ahmadinejad's immunity and other protections extend only to the extent that he is engaged in official United Nations business. If he leaves the United Nations' facility on personal business or on official Iranian business that is not also official United Nations business, he temporarily forfeits the immunities and other protections granted to official representatives of Member states to the United Nations.

During prior visits to New York, Ahmadinejad has booked a luxury hotel suite with Respondent Warwick. He has similarly reserved a luxury hotel suite or suites with Respondent Warwick for his coming visit. His intent to stay with Respondent Warwick during his upcoming visit is well documented in the media.[1] As far as the Plaintiff is aware, Ahmadinejad plans to check into his hotel room on or about September 24, 2012 and will check out about a week later. His hotel room or rooms will cost Iran many hundreds (or perhaps thousands) of dollars per room per night.

That great expenditure of money for a room or rooms with the Warwick is not necessary for Ahmadinejad to conduct his official business with the United Nations,

---

[1] For example, see http://www.nypost.com/p/news/local/manhattan/suite_and_sour_xisEHSzzlEqzcu33DdVmAO; and http://www.jewishpress.com/news/groups-blast-ny-hotel-for-offering-hospitality-to-iranian-president-ahmadinejad/2012/09/09/.

as certainly a place can be found for him to sleep in the existing facilities of the Iranian delegation to the United Nations. Indeed, as far as Plaintiff is aware, Ahmadinejad could conduct the entirety of his official business with the United Nations without ever leaving the United Nations facility (except to the extent necessary for travel from and to Iran).

Instead, Ahmadinejad has sought luxury hotel accommodations. His anticipated presence in the Warwick, and any transaction(s) that he and/or his assistants have initiated with the Warwick are not part of or in the furtherance of his official United Nations businesses but are rather in the furnace of personal or Iranian official business.

## DISCUSSION

CPLR § 5225(a) provides that a judgment creditor may motion for a court order against a judgment debtor, requiring the judgment debtor to turnover personal property under its control and in which it has an interest. The term "property" is defined by CPLR § 5201(b) to mean "any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested," unless the property is otherwise exempted by CPLR § 5205. None of the exemptions in CPLR § 5025 are applicable in this proceeding.

Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") provides that when a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, the blocked assets of the terrorist party judgment debtor, and the blocked assets of any agency or instrumentality of the terrorist party judgment

debtor, shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party judgment debtor has been adjudged liable.

The Plaintiff's judgment against Iran satisfies the requirements of TRIA. The judgment was awarded to him on a claim based upon an "act of terrorism" as defined by TRIA and Judgment Debtor Iran is a "terrorist party" as defined by TRIA. Judgment Debtor Iran is a state sponsor of terrorism, so designated by the United States Department of State.

28 U.S.C. § 1610(g) provides that when a person has obtained a judgment pursuant to 28 U.S.C. § 1605A against a state sponsor of terrorism, the assets of the state sponsor of terrorism and the assets of any agency or instrumentality of the state sponsor of terrorism, shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party judgment debtor has been adjudged liable.

The Plaintiff's judgment against Iran satisfies the requirements of 28 U.S.C. § 1610(g). The judgment against Iran, a state sponsor of terrorism, was converted to a 28 U.S.C. § 1605A judgment for the purposes of 28 U.S.C. § 1610. *Rubin v. Islamic Rep. of Iran*, 270 F.R.D. 7, 8-9 (D.D.C. 2010).

Respondent Warwick has done, is doing, or is planning to do business with Iran by accepting money from Iran and/or its president, Mahmoud Ahmadinejad, in exchange for a hotel room or rooms and related services. Plaintiff Warwick is prohibited by United States law from conducting such business. The proceeds of the

illicit transaction that the Warwick has completed and/or seeks to complete with Iran, by and through its president and his assistants, in addition to the hotel room(s) itself and the intangible asset that is the reservation for a hotel room or rooms and a license to occupy the same, are blocked pursuant to Executive Orders 12947 and 13224 and §§ 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701; 1702) and are thus "blocked assets" as defined by TRIA.

Pursuant to TRIA, all blocked assets and interests of Iran, including the Iranian assets and/or interests that are held and/or soon to be held by the Warwick, are subject to execution and attachment in aid of execution in satisfaction of the Plaintiff's judgment against Iran.

Pursuant to 28 U.S.C. § 1610(g), all assets and interests of Iran, including the Iranian assets and/or interests that are held and/or soon to be held by the Warwick, are subject to execution and attachment in aid of execution in satisfaction of the Plaintiff's judgment against Iran.

In partial satisfaction of their judgment against Iran, the Plaintiff demands from Respondent Warwick the value of any monies paid or to be paid by Ahmadinejad for the hotel room(s) designated for him and/or the hotel room(s) to be designated for him. *Alternatively*, Plaintiff demands from Respondent Warwick exclusive access (including the right to exclude Ahmadinejad and others) to the room(s) that Respondent Ahmadinejad has reserved and is designated for him and/or to be designated for him. *Alternatively*, Plaintiff demands that Respondent Warwick exclude Ahmadinejad from its premises and provide any refund due to Ahmadinejad directly to the Plaintiff. The

property described above is surely "any property which [can] be assigned or transferred," whether a present or future interest, and is thus "property" for the purposes of CPLR § 5225. Because it is the proceeds of illicit an transaction(s), and for the reasons described above, it, including any intangible interests and licenses to occupy a room in the Warwick, are immediately blocked and available to the Plaintiff for execution pursuant to TRIA and 28 U.S.C. § 1610(g).

On September 13, 2012 Plaintiff served a Restraining Notice on the Respondent, pursuant to CPLR § 5222, a copy of which is annexed as Exhibit C.

Dated:   Brooklyn, New York
         September 14, 2012

                                      Yours,

                                      THE BERKMAN LAW OFFICE, LLC
                                      *Attorneys for the Plaintiff / Judgment-Creditor*

by:  _____
      Robert J. Tolchin
      Meir Katz

     111 Livingston Street, Suite 1928
     Brooklyn, New York 11201
     718-855-3627

     NITSANA DARSHAN LEITNER, ADV.
     *Israeli Counsel for Plaintiff / Judgment-Creditor*
     10 Hata'as Street
     Ramat Gan, Israel
     011-972-3-751-4175

TO:    Warwick New York Hotel
        65 West 54th Street
        New York, New York 10019

        Islamic Republic of Iran
        c/o Foreign Minister Manouchehr Mottaki
        Ministry of Foreign Affairs
        Khomeini Ave. United Nations St.
        Teheran
        Iran

# Exhibit One

# Restraining Notice Served on Warwick New York Hotel